**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5007-16T4

DENISE SPENTZ,

    Plaintiff-Appellant,

v.

NEWARK HOUSING
AUTHORITY,

    Defendant-Respondent.

_____

              Submitted January 24, 2019 – Decided February 11, 2019

              Before Judges Ostrer and Mayer.

              On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0483-15.

              Nathaniel M. Davis, attorney for appellant.

              Biancamano & Di Stefano, PC, attorneys for respondent (James G. Serritella, on the brief).

PER CURIAM

    Plaintiff Denise Spentz appeals from a June 23, 2017 order granting summary judgment in favor of defendant Newark Housing Authority, dismissing

her personal injury claims for failure to satisfy the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -12-3. We affirm.

In December 2013, plaintiff, who lived in a building owned and maintained by defendant, fell through a hole in the floor of her apartment. She was taken to the hospital, complaining of knee and back pain. She was discharged from the hospital after being treated for a leg abrasion. No x-rays or other radiological images were taken while plaintiff was at the hospital.

Plaintiff followed up with her primary care physician who prescribed medication and physical therapy. Because her knee and back complaints did not improve with physical therapy, plaintiff sought treatment at a chiropractic center. Plaintiff received twenty-nine chiropractic treatments between February and June 2014.

About two and one-half months after her fall, plaintiff underwent magnetic resonance imaging (MRI) of her lumbar spine and right knee. The MRI of the lumbar spine noted moderate disc bulges in plaintiff's lower back. The MRI of the right knee revealed a lateral meniscal tear and sprain of the anterior cruciate ligament.

After her MRI, plaintiff saw an orthopedic surgeon who recommended right knee arthroscopy. Because she was afraid to undergo surgery, plaintiff elected to continue chiropractic treatment.

Plaintiff also had an electromyography (EMG) study of her lower extremities. Based on the EMG results, plaintiff had no lumbar radiculopathy.

Upon discharge from chiropractic treatment, in June 2014, plaintiff was diagnosed with cervical and lumbar sprains and strains and a tear of the lateral meniscus of the right knee.

Plaintiff filed a complaint for her injuries. Defendant filed an answer, denying the allegations and asserting affirmative defenses under the TCA.

Thereafter, plaintiff was deposed. At her deposition, plaintiff described pain in her lower back and knee, requiring daily pain medication. Plaintiff also claimed she was unable to sit or stand for long periods of time. Plaintiff expressed difficulty walking, climbing stairs, and dancing.[1] Plaintiff admitted

---

[1] Plaintiff's brief states she uses a cane. However, there is no evidence or testimony in the record explaining why plaintiff uses a cane, when she started using a cane, or whether her doctors recommended she use a cane after her fall. The documents submitted by plaintiff in opposition to defendant's summary judgment motion reveal plaintiff is five feet tall and weighs 206 pounds, placing her in the obese category. The records also indicate plaintiff is diabetic. Individuals who are significantly overweight and suffer from diabetes often experience difficulty walking. W. Jack Rejeski et al., Lifestyle Change and

she was able to walk around her apartment, use public transportation, shop for groceries, and perform household tasks such as cleaning and laundry.

After completing discovery, defendant moved for summary judgment, arguing plaintiff failed to meet the TCA's threshold requirements. Specifically, defendant asserted plaintiff failed to present evidence she suffered a permanent and substantial loss of a bodily function.

The judge granted the motion, stating plaintiff's injuries did not meet the TCA threshold for damages in accordance with N.J.S.A. 59:9-2(d). The TCA provides:

> No damages shall be awarded against a public entity . . . for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function . . . .
>
> [N.J.S.A. 59:9-2(d).]

In rendering his decision, the judge relied on Ponte v. Overeem, 171 N.J. 46 (2002). In Ponte, a case similar to this matter, the Court held a knee injury requiring arthroscopic surgery did not constitute a permanent loss of bodily function to recover pain and suffering damages under the TCA.

---

Mobility in Obese Adults with Type 2 Diabetes, 366 New Eng. J. Med. 1209, 1209 (2012).

A-5007-16T4

Here, plaintiff elected not to undergo surgery to repair a meniscal tear in her knee and was not restricted in the performance of her normal daily activities, including household tasks. Thus, the judge concluded plaintiff failed to demonstrate a physical manifestation of an injury to her knee, establishing loss of a normal bodily function that is both permanent and substantial.

On appeal, plaintiff argues the motion judge erred in granting summary judgment because she suffered permanent injuries and a substantial loss of a bodily function, satisfying N.J.S.A. 59:9-2(d).

We review a grant of summary judgment de novo, applying the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46–2(c).

In determining whether there is a genuine issue of material fact, courts "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-

A-5007-16T4

moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). If the evidence presented "show[s] that there is no real material issue, then summary judgment should be granted." Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987).

To recover for pain and suffering under the TCA, a plaintiff must show "(1) an objective permanent injury, and (2) a permanent loss of a bodily function that is substantial." Gilhooley v. Cty. of Union, 164 N.J. 533, 540-41 (2000) (citing Brooks v. Odom, 150 N.J. 395, 402-403 (1997)). Considering the evidence in the light most favorable to plaintiff, we must determine whether plaintiff's injuries satisfy both prongs of the test established in Brooks and Gilhooley (Brooks/Gilhooley test).

In this case, plaintiff had no treatment to her lower back or right knee since June 2014. While plaintiff's medical experts opined plaintiff's injury was permanent and causally connected to her fall, none of the medical experts stated she suffered a substantial loss of a bodily function under the Brooks/Gilhooley test.

There is no bright line test to determine whether an injury presents both a permanent and substantial loss of a bodily function. Knowles v. Mantua Twp.

6

Soccer Ass'n, 176 N.J. 324, 331 (2003).  The analysis is fact-sensitive and differs depending on the facts set forth in each case.  Ibid.

In Knowles, the Court required the following to recover damages under the TCA:

> there must be a "physical manifestation of [a] claim that [an] injury . . . is permanent and substantial."  An injury causing lingering pain, resulting in a lessened ability to perform certain tasks because of the pain, will not suffice because "[a] plaintiff may not recover under the Tort Claims Act for mere 'subjective feelings of discomfort.'"
>
> [Knowles, 176 N.J. at 332 (alterations in original) (quoting Gilhooley, 164 N.J. at 540).]

Applying this standard to the facts in this case, we are satisfied plaintiff's injuries are not "objectively permanent and implicate the substantial loss of a bodily function . . . ."  Ibid. (quoting Gilhooley, 164 N.J. at 541).  Nor did plaintiff demonstrate she suffered an injury that "permanently . . . render[ed] a bodily organ or limb substantially useless but for the ability of 'modern medicine [to] supply replacement parts to mimic the natural function.'"  Ibid. (quoting Gilhooley, 164 N.J. at 542-43). Cases that present sufficient evidence of a permanent and substantial loss of a bodily function include: Gilhooley, 164 N.J. at 542 (finding a patella fracture was an objective permanent injury causing the plaintiff "to lose forever the normal use of her knee . . . without permanent pins

7

and wires to re-establish its integrity"); Kahar v. Borough of Wallington, 171 N.J. 3, 16 (2002) (finding reattachment of a torn rotator cuff tendon resulted in the shortened length of the tendon and impaired the plaintiff's ability to use her arm to complete normal tasks); and Knowles, 176 N.J. at 333 (finding "objective medical evidence of a permanent injury," including the lack of feeling in the plaintiff's leg).

Plaintiff failed to present objective evidence that her injury satisfies the TCA's requirement of a "permanent loss of a bodily function."  Plaintiff has no medical restrictions imposed on her daily activities.  Plaintiff can cook, shop, clean, and do laundry.

Plaintiff argues she suffered a permanent loss of bodily function that is substantial based on her own subjective complaints and described limits on her activities.  According plaintiff every reasonable inference from the evidence, her proofs lack objective evidence of a reduction in normal bodily function that is permanent and substantial under the TCA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5007-16T4